UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA DeSHAWN HILL-EL,           Case No. 09-11977

        Plaintiff,                        John Feikens
vs.                                          United States District Judge

INVESTAID CORP., et al.,             Michael Hluchaniuk
                                                 United States Magistrate Judge

        Defendants.
_____/

**AMENDED REPORT AND RECOMMENDATION**
**DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.     PROCEDURAL HISTORY**

The present matter was filed on May 22, 2009. (Dkt. 1). The initial pleading, filed by *pro se* litigant Kenyatta DeShawn Hill-El, appears to be an attempt to remove a civil summary proceedings action from state court. The state court pleadings included in the initial pleading includes a complaint for termination of tenancy, Case No. 09-312788 from the Thirty-Sixth District Court, State of Michigan, in which US Bank National Association (one of the named counter-defendants in this case) filed a complaint for possession against plaintiff Hill-El, alleging that he was wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale. (Dkt. 1). On

February 1, 2008, District Judge John Feikens referred this matter to the undersigned for all pretrial matters. (Dkt. 2). On July 8, 2009, the undersigned ordered plaintiff to show cause, by July 28, 2009, why this case should not be dismissed or remanded for lack of subject matter jurisdiction. (Dkt. 9). Hill-El filed a response on July 23, 2009. (Dkt. 12).[1]

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** or **REMANDED** to state court for lack of subject matter jurisdiction.

## II.   ANALYSIS AND CONCLUSION

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).[2]  Under 28 U.S.C. § 1447(c), a district

---

[1] Hill-El apparently responded to the order to show cause on July 23, 2009, however, this document was not docketed by the Clerk's Office until August 3, 2009. On July 30, 2009, the undersigned, unaware that a response had been filed because it was not reflected on the docket, issued a report and recommendation suggesting that this matter be dismissed for lack of subject matter jurisdiction, based in part on Hill-El's failure to respond. (Dkt. 11). Given that Hill-El did, in fact, file a timely response to the order to show cause, the undersigned now issues this amended report and recommendation, addressing that response.

[2] This Report and Recommendation contains hyperlinks to statutory and case law references, for the ease of the parties and others viewing this document electronically. This is not intended to be an endorsement of any product, service,

court must remand a removed case if it appears that the district court lacks subject matter jurisdiction. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Where a case is removed from a state court, the burden of proof for defendant to establish the diversity jurisdiction requirements is "preponderance of the evidence." *Id.* at 158.

In the state court matter, the only plaintiff was US Bank National Association, as Trustee. (Dkt. 1, p. 16). Hill-El's notice of removal, in which he now purports to be the "counter-plaintiff," is based on claims asserted under various federal statutes against US Bank National Association and other new "counter-defendants" who were not parties to the state court action. Hill-El alleges that the notice of removal is based on federal question jurisdiction. However, federal question counterclaims cannot properly form the basis for removal jurisdiction. *See e.g.*, *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (to secure federal subject matter jurisdiction, the federal question "must be disclosed upon the face of the complaint, unaided by the

---

or company.

answer."); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 334 (6th Cir. 1989) ("A defendant cannot create removal jurisdiction merely by raising a federal question as a defense."); *Credit Union One v. Tindall*, 2008 WL 1805333 (E.D. Mich. 2008) (A defendant "cannot render the case subject to the subject matter jurisdiction of the federal courts by raising federal defenses or counter claims.").

In his response, Hill-El asserts that the state court below did not have jurisdiction over the matter filed in state court. He further asserts that the state court's lack of jurisdiction does not deprive this Court of jurisdiction. (Dkt. 12, p. 1, citing, 28 U.S.C. § 1441(f)). Hill-El also argues that this Court has subject matter jurisdiction over this matter because it "pertains to US bonds, in accordance with 28 USC Section 1352," which is part of the Banking Act. (Dkt. 12, p. 2). In response to the concern raised in the order to show cause regarding the additional defendants who were not parties to the state court action, Hill-El quotes a portion of the Banking Act. (Dkt. 12, p. 2).

Hill-El's response is, in essence, that all of the named defendants violated various provisions of the Banking Act. However, Hill-El never addresses the crux of the order to show cause – that the apparent basis for removal jurisdiction can only be found in his counter-claims, which is an insufficient basis for this Court to

exercise subject matter jurisdiction under controlling law. Simply, because Hill-El's initial filings and his response to the order to show cause failed to establish that this Court has subject matter jurisdiction, there is no evidence in the record showing that this Court has subject matter jurisdiction over any controversy in this matter. Hill-El has failed to meet his burden to establish that this Court has jurisdiction and thus, remand or dismissal is appropriate. *See e.g.*, *Nyamusevya v. Medical Mutual of Ohio*, 2002 WL 193590, *1 (S.D. Ohio 2002) (Remand to state court ordered after defendant failed to respond to order to show cause.); *Ferrell v. Tennessee*, 2007 WL 470416, *1 (E.D. Tenn. 2007) (Complaint dismissed for failure to serve defendant after plaintiff failed to respond to order to show cause.).

### III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** or **REMANDED** to state court.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 4, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

# CERTIFICATE OF SERVICE

      I certify that on <u>August 4, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Parisa M. Ghazaeri</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: <u>Kenyatta DeShawn Hill,14645 Warick, Detroit, MI 48223</u>.

                                          s/James P. Peltier
                                          Courtroom Deputy Clerk
                                          U.S. District Court
                                          600 Church Street
                                          Flint, MI 48502
                                          (810) 341-7850
                                          pete_peltier@mied.uscourts.gov